UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UMG RECORDINGS, INC., *et al.*,

                Plaintiffs,

-against-

MARIE LINDOR,

                Defendant.
-------------------------------------------------------------X

O R D E R

05 CV 1095 (DGT) (RML)

       Defendant Marie Lindor ("defendant") has moved by letter dated February 19, 2008 to compel nonparty SafeNet, f/k/a MediaSentry, Inc. ("MediaSentry"), to respond to items 1-3 and 5-28 of a subpoena that defendant served on November 14, 2007. Plaintiffs UMG Recordings, Inc., *et al.* (collectively "plaintiffs"), and MediaSentry opposed and cross-moved for a protective order. For the reasons explained below, plaintiffs' motion is granted in part, and defendant's motion is denied in part, with final disposition of the motions pending the court's examination of the privilege log, described *infra*, that plaintiffs will produce within fourteen days of this order.

## BACKGROUND

       Plaintiffs, recording companies that hold exclusive rights to certain sound recordings, bring this copyright infringement action against defendant, whom they allege illegally downloaded and offered for distribution a number of their copyrighted sound recordings without consent. MediaSentry, a company that monitors the internet for software piracy and unauthorized distribution of its clients' products, provided plaintiffs with evidence of defendant's alleged infringement. Defendant denies any infringement and insists that she never even has used a computer.

       To support their claims, plaintiffs allege, based on evidence provided by MediaSentry, that the infringements occurred on an internet account maintained by defendant. Attached to the complaint are screen shots showing copyrighted sound recordings that plaintiffs

contend defendant illegally downloaded or offered for distribution. (See Complaint, dated Feb. 29, 2005, Ex. B.) According to plaintiffs, MediaSentry captured the screen shots from a computer using defendant's internet account. The computer was logged onto Kazaa, an online peer-to-peer distribution network, under the user name "jrlindor@kazaa."

Defendant now seeks, *inter alia*, all documents in MediaSentry's possession relating to (1) MediaSentry's pricing structure, including all income it has received from plaintiffs and the Recording Industry Association of America ("RIAA") since January 1, 2003; (2) Media Sentry's investigative strategies and techniques, including its agreements with plaintiffs concerning general search parameters and the manner and location of the searches; (3) the software and technical processes that MediaSentry uses to conduct its investigative searches, including a digital copy of the "source code" of the software used to monitor infringing activity, as well as copies of admittedly proprietary computer programs and processes by which MediaSentry performs its searches; (4) the algorithm used to create the evidence against defendant in this case; (5) MediaSentry's license, if any, as a private investigator; and (6) the investigation of defendant.[1] Defendant argues, without detailed explanation, that her technical advisers need this information to assist them in understanding the nature of the online investigation underlying this lawsuit.

In response, plaintiffs insist that they have turned over every document in their and MediaSentry's files relating to defendant and the accounts at issue in this case. With respect to the information regarding MediaSentry's general pricing structure, software, source code, and

---

[1] Because both MediaSentry and plaintiffs affirm that they have produced all documents relating to its investigation of defendant, and because defendant has offered no reason to dispute this claim, no further order is necessary with regard to these documents.

algorithms, plaintiffs and MediaSentry argue that the information is confidential, proprietary, and irrelevant to the claims and defenses in this particular case.

## DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) allows a party to obtain discovery relevant to the claim or defense of any party. Although relevant information need not be admissible, it must be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Rule 26, however, does not constitute a license to rummage through the records of a witness or a party where the relationship of the information sought to the claims and defenses is tenuous. See Fed. R. Civ. P. 26(c)(1); Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 576 (2d Cir. 1996). Further limitations on discovery may also be appropriate where the information sought is proprietary or confidential. See Fed. R. Civ. P. 26(c); Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978) (listing areas exempt from discovery process); N. Atl. Instruments, Inc. v. Haber, 188 F.3d 38, 44 (2d Cir. 1999) (recognizing privilege for trade secrets); In re Petroleum Prods. Antitrust Litig., 680 F.2d 5, 7 (2d Cir. 1982) (per curiam) (recognizing privilege for confidential information); see also Black's Law Dictionary 1256 (8th ed. 2004) (equating "trade secret" with "proprietary information").

On March 30, 2007, I denied defendant's motion to compel the production of documents concerning plaintiffs' pricing and contractual relationship with MediaSentry, as they lacked relevance to the claims and defenses of the parties even under the liberal definition of relevance in Rule 26. To the extent that defendant requests the same information again, that request is denied. The time for reconsideration has long past, and these documents are no more

relevant today than in 2007. In addition, defendant's request is overbroad, as it seeks information from 2003 to the present and for all of MediaSentry's operations, not just its investigation of defendant.

Defendant also seeks documents describing plaintiffs' enforcement strategy and the methods that MediaSentry uses to implement it. However, the criteria that plaintiffs and MediaSentry use in selecting targets for investigation, the timing and frequency of their efforts to monitor infringement, the methods infringers have developed to evade detection, and MediaSentry's efforts to counteract them have no relevance to the claims of infringement against defendant and her defenses to them. As plaintiffs explain, the question is whether the screen shots attached to the complaint fairly and accurately represent what was on a computer that allegedly was using defendant's internet account at the time of the interception. It is irrelevant how defendant's account was selected or why others were not.

Similarly, the software, source code, or algorithm that MediaSentry uses to obtain screen shots is irrelevant to the question of whether the screen shots accurately depict copyright violations that allegedly took place on defendant's internet account. Plaintiffs and MediaSentry further argue that this information is confidential and proprietary. See N. Atl. Instruments, Inc., 188 F.3d at 44 (noting that proprietary information generally encompasses "any formula, pattern, device or compilation of information which is used in one's business, and which gives [the owner] an opportunity to obtain an advantage over competitors who do not know or use it." (quotation marks & citations omitted) (brackets in original)); Carter-Wallace, Inc. v. Hartz Mountain Indus., Inc., 92 F.R.D. 67, 71 (S.D.N.Y. 1981) (noting that trade secrets involving internal operations and firm knowledge may constitute confidential information). Plaintiffs

argue without contradiction that MediaSentry's programming, source code, algorithm, and other technical data form an integral part of MediaSentry's efforts to detect infringement and have not been released to the public. (See Declaration of Bradley Buckles, Esq., in Support of Plaintiffs' Motion for Protective Order, dated Sept. 26, 2006 and submitted in opposition to defendant's previous attempt to obtain MediaSentry pricing and financial documents.) With respect to MediaSentry's investigative strategy, plaintiffs contend, and defendant does not deny, that release of this information would provide a roadmap for potential infringers to avoid detection. In addition, MediaSentry argues that release of proprietary technical information would place it at a competitive disadvantage in relation to its competitors.[2] (See Letter from Thomas M. Mullaney, Esq., to the Hon. Robert M. Levy, dated Feb. 27, 2008.) See Bridgeport Music, Inc. v. UMG Recordings, Inc., No. 05 Civ. 6430, 2008 WL 577284, at *1 (S.D.N.Y. Feb. 27, 2008) (noting that court may issue protective order for proprietary information if release of information would inflict competitive damage upon party); Four Star Capital Corp. v. NYNEX Corp., 183 F.R.D. 91, 110 (S.D.N.Y. 1997) ("To secure a protective order, the party resisting disclosure must demonstrate that the information sought is confidential . . . and that good cause exists for issuance of that order." (quotation marks & internal citation omitted)). Because release of this information would harm MediaSentry's market standing with no discernable benefit to defendant's case, the court, pursuant to Federal Rule of Civil Procedure 26(c)(1)(D), grants a

---

[2] Acknowledging the sensitive nature of this information, defendant has agreed to a confidentiality order. However, plaintiffs argue, and the court agrees, that protective orders may not be foolproof and that the risks of disclosure far outweigh the possible benefits of the information to defendant.

protective order forbidding defendant's discovery of the software, source code, algorithm, and other technical data directly concerning MediaSentry's copyright infringement detection methods.

Plaintiffs also assert attorney-client privilege and work product immunity as to some of the materials that defendant seeks. To the extent that plaintiffs are withholding any relevant, non-proprietary documents on privilege grounds, they shall prepare a privilege log within 14 days of the filing of this order, as required by the Local Rules of this Court.[3]

SO ORDERED.

Dated: Brooklyn, New York
       May 16, 2008

                                                                                                      s/RML

                                                                            ROBERT M. LEVY
                                                                            United States Magistrate Judge

---

[3] Although defendant seeks discovery regarding MediaSentry's license, if any, as a private investigator, her conclusory motion did not state how this information reasonably would lead to discovery of admissible evidence. Therefore, defendant's request is denied.